IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Lane, | ) | C/A No. 0:12-912-RBH-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Wayne McCabe, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Christopher Lane ("Lane"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 23.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 24.) Lane filed a response in opposition. (ECF No. 45.) Having carefully considered the parties' submissions and the record in this case, the court finds that Lane's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

**BACKGROUND**

Lane was indicted in June 2003 in Florence County for murder, kidnapping, and conspiracy (2003-GS-21-715). (App. at 822-23, ECF No. 22-4 at 171-72.) Lane was represented by Paul V. Cannarella, Esquire, and on January 31 through February 3, 2005 was tried by a jury and found guilty of murder and kidnapping. (App. at 756, ECF No. 22-4 at 105.) The circuit court sentenced Lane

to fifty years' imprisonment for murder and thirty years' imprisonment for kidnapping, both sentences to be served concurrently.  (App. at 766, ECF No. 22-4 at 115.)

Lane timely appealed and was represented by D. Craig Brown, Esquire, who filed an Anders[1] brief on Lane's behalf.  (ECF No. 22-12.)  On June 8, 2007, the South Carolina Court of Appeals dismissed Lane's appeal.  (State v. Lane, Op. No 2007-UP-302 (S.C. Ct. App. June 8, 2007), App. at 768-69, ECF No. 22-4 at 117-18.)  The remittitur was issued on June 27, 2007.  (ECF No. 22-15.)

Lane filed a *pro se* application for post-conviction relief ("PCR") on June 4, 2008.  (Lane v. State of South Carolina, 08-CP-21-1088, App. at 770-76, ECF No. 22-4 at 119-25.)  On September 9, 2009, the PCR court held an evidentiary hearing at which Lane appeared and testified and was represented by Charles T. Brooks, III, Esquire.  By order filed October 5, 2009, the PCR judge denied and dismissed Lane's PCR application with prejudice.  (App. at 813-20, ECF No. 22-4 at 162-69.)

Lane, represented by Robert M. Pachak, Esquire, Appellate Defender with the South Carolina Commission on Indigent Defense, appealed the decision of the PCR court by filing a Johnson[2] petition for a writ of certiorari.  (ECF No. 22-18.)  Lane also filed several *pro se* responses to the Johnson petition.  (ECF Nos. 22-21, 22-22, 22-23, & 22-24.)  By order dated October 20, 2011, the South Carolina Supreme Court denied Lane's petition for a writ of certiorari.  (ECF No. 22-25.)  The

---

[1] Anders v. California, 386 U.S. 738 (1967).  Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  Anders, 386 U.S. at 744.

[2] Johnson v. State, 294 S.C. 310 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals).



remittitur was issued November 8, 2011. (ECF No. 22-26.) Lane filed the instant Petition for a writ of habeas corpus on March 28, 2012.³ (ECF No. 1.)

## FEDERAL HABEAS ISSUES

Lane raises the following grounds in his federal Petition for a writ of habeas corpus:

**Ground One:** Ineffective Assistance of Counsel
**Supporting facts:** Counsel allowed Petitioner to go to trial on a fraudulent murder indictment without attempting to quash indictment. Counsel did not object to the erroneous unauthorized sentence handed to Petitioner. Counsel did not object to Prosecutor[']s erroneous conduct at trial.

**Ground Two:** Due Process A Fair trial
**Supporting facts:** The Petitioner was convicted on less than proof beyond a reasonable doubt of every element of the charged crime; [] Petitioner[']s conviction was obtained in violation of a state statute which in turn denied [Petitioner] his fundamental rights; [] Prosecution failed to disclose to the defense impeachment evidence material to petitioner[']s defense[.]

**Ground Three:** Due Process, Fair Trial 6th Amendment
**Supporting facts:** Petitioner[']s conviction resulted from jury instruction that was fundamentally defective such that petitioner is actually innocent on the charge he was convicted[.] Petitioner[']s conviction was tainted by jury instruction which diluted the reasonable doubt standard of proof[.]

(See ECF No. 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing

---

³ See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).



**B.    Statute of Limitations**

The respondent argues that Lane's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Lane filed a direct appeal, his conviction became final on June 27, 2007, the date the South Carolina Court of Appeals entered the remittitur.[4]  See Rules 203(b)(2), 221, & 242, SCACR. Accordingly, the limitations period began to run on June 28, 2007 and expired June 27, 2008, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled"); United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (holding that one-year limitation period in AEDPA should be calculated using anniversary date method even when intervening period includes leap year).

---

[4] Because Lane did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort). The court observes that on February 19, 2009, the South Carolina Supreme Court stated that it "will no longer entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an Anders review." State v. Lyles, 673 S.E.2d 811, 813 (S.C. 2009). However, Lyles had not been issued at the time of Lane's direct appeal.



Lane filed his state PCR application on June 4, 2008. At that point, 342 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the PCR action until November 8, 2011, when the South Carolina Supreme Court issued the remittitur from its order denying Lane's certiorari petition. At this time, Lane had 23 days of statutory time remaining, which means that Lane had until December 1, 2011 to file a timely federal habeas corpus petition. Lane's federal Petition was filed on March 28, 2012—over three months after the expiration of the statute of limitations.

In his opposition memorandum to the respondent's motion, Lane primarily presents arguments pertaining to the merits of his Petition. Lane fails to advance any argument or authority refuting the respondent's evidence regarding the untimeliness of his Petition and has not established grounds for equitable tolling. See Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, . . . claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original).

**RECOMMENDATION**

Based upon the foregoing, the court finds that Lane's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 23) be granted and Lane's Petition dismissed as untimely.

                                                                                                                          */s/ Paige J. Gossett*
                                                                                                                          Paige J. Gossett

February 7, 2013                                          UNITED STATES MAGISTRATE JUDGE
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).